UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

ERICK TOLSTON                                   CIVIL ACTION NO. 3:09-CV-2151

VS.                                             SECTION P

                                                JUDGE ROBERT G. JAMES

JOHNNY CREEK, ET AL.                            MAGISTRATE JUDGE HAYES

## REPORT RECOMMENDING DISMISSAL OF SOME BUT NOT ALL OF PLAINTIFF'S CLAIMS

*Pro se* plaintiff Erick Tolston, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 16, 2009. Plaintiff is confined at the East Louisiana State Mental Hospital (ELSMH) in Jackson, Louisiana. In his original pleading,  he complained that he was the victim of excessive force while incarcerated at the Lincoln Parish Detention Center (LPDC). In an amended or supplemental complaint he alleged that he was assaulted by another inmate at ELSMH.  In the former complaint he sued LPDC's Wardens Creek,  Smith, and Thomas and Corrections Officers Williams, Allen, Ray, Gray and Keke. He prayed that these defendants be "relieved of their duties" and then charged with simple battery. He also prayed for damages.

In the latter complaint he sued Antiona Christian (the ELSMH inmate who assaulted him), and the ELSMH employees who allegedly permitted the assault, Officers Hamilton, Dirk, Joseph, and Mitchell. On March 24, 2010, the undersigned completed an initial review and directed plaintiff to amend his complaint. [Doc. 8] On April 20, 2010, plaintiff responded, however his response did not address any of the concerns raised in the memorandum order and

instead contested his continued custody at ELSMH. [Doc. 9]

These matters have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint, insofar as it complains of conditions of confinement at the ELSMH be **DISMISSED WITHOUT PREJUDICE** because venue is improper. It is further recommended that plaintiff's complaint, insofar as he seeks release from custody at ELSMH be construed as a *habeas corpus* petition arising under 28 U.S.C. §2254 be **DISMISSED WITHOUT PREJUDICE** because plaintiff failed to exhaust available state court remedies prior to filing suit.

Finally, plaintiff's complaint, insofar as it complains of conditions and circumstances at the LPDC should survive this initial review. A separate order directing Service of Process will be prepared.

### *Background*

Plaintiff was found not guilty by reason of insanity of various charges in 1998. On June 30, 2009, Judge Cynthia Woodard of Louisiana's Fourth Judicial District Court ordered him committed to the Central Louisiana State Hospital. Nevertheless, plaintiff was incarcerated at the LPDC sometime prior to September 26, 2009. On that date, he claims he was beaten by Creek, Smith, Thomas, Keke and Williams and placed in Holding Cell 1. Officers Gray and Ray refused to feed him and, using a derogatory word, told him to "suffer."  On the following day, Williams, Thomas, and Smith maced him, slapped him, and then spit in his face. On October 1, Smith, Thomas, and Williams chained plaintiff to his bed; Allen then spit in his face and used an offensive racial epithet.

Sometime thereafter, plaintiff was committed to the forensic unit of the ELSMH, On either December 4 or December 8, 2009, he was assaulted by another inmate, Antiona Christian. According to plaintiff, Officer Hamilton observed the attack and did nothing to prevent Christian from assaulting the plaintiff.  Plaintiff insists that he was wrongfully committed to ELSMH and demands compensatory damages, termination of employment for the ELSMH defendants, and the criminal prosecution of his assailant.

Plaintiff was directed to amend his complaint. [Doc. 8] He filed a response to the amend order on  April 20, 2010; however, his response does not address any of the concerns raised in the amend order and instead complained about the conditions of confinement at the ELSMH and argued that he should be released from that facility immediately. [Doc. 9]

### Law and Analysis

#### 1. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has filed a complaint. He was thereafter instructed to amend his complaint to provide additional factual support for his claims. Instead, he filed an amended complaint which did not address the concerns raised in the amend order.

### 2. Venue

Because 42 U.S.C. § 1983 contains no specific venue provision, venue is determined under 28 U.S.C. § 1391, also known as the general venue statute. *Jones v. Bales*, 58 F.R.D. 453 (N.D.Ga.1972), *aff'd*, 480 F.2d 805 (5th Cir.1973).; see also *Hazel v. Lappin*, 614 F.Supp.2d 66

(D.D.C. 2009) Section 1391(b) provides in pertinent part:  "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ..., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." Plaintiff has joined two separate complaints.

As noted above, his original complaint alleges excessive force by defendants in Lincoln Parish; his later complaint alleges a failure to protect by defendants at the ELSMH in Jackson, which is located in East Feliciana Parish. The claims are not related.  The Western District of Louisiana is not an appropriate venue for the claims arising in East Feliciana Parish involving defendants who reside, or who can be found in that Parish.   Plaintiff's complaint, insofar as it complains of circumstances and conditions at ELSMH must be dismissed. If plaintiff wishes to pursue his claims against the ELSMH  defendants, he must file a complaint in the United States District Court for the Middle District of Louisiana.

### 3. Habeas Claims

In his amended complaint plaintiff alleged that his present commitment to and confinement in ELSMH is unlawful and that he is entitled to be released. [Doc. 9] This pleading, since it attacks as unlawful plaintiff's custody "... pursuant to the judgment of a State court..." arises under the provisions of  28 U.S.C. §2254.  That statute also provides:  "An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ...  the applicant has exhausted the remedies available in

5

the courts of the State...."

In order to satisfy the exhaustion requirement, a *habeas* petitioner must fairly present the substance of his claims for relief to the highest state court in a procedurally proper manner so that the state's courts are given a fair opportunity to consider his challenges before those issues come to federal court for *habeas corpus* review.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) This is so because state courts, "like federal courts, are obliged to enforce federal law." *Id.* at 844 (citing *Rose v. Lundy*, 455 U.S. 509, 515-516, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) and *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950).).  Exhaustion is not completed unless the prisoner has presented his claims to the State's highest court, even if review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 844 ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")  Louisiana's highest court is the Louisiana Supreme Court.  LSA Const. Art. 5, §5(a). Thus, a complete round of Louisiana's established appellate review process includes an application for writs in the Louisiana Supreme Court. See Supreme Court Rule X.

Plaintiff previously sought habeas corpus relief in this Court. See *Erick Tolston v. Warden, Lincoln Parish Detention Center*, No. 3:09-cv-1673 [*Tolston I*].  On November 16, 2009, Judge Walter dismissed his petition because plaintiff failed to exhaust state court remedies prior to filing suit.  [See *Tolston I* at Doc. 9] In so doing, Judge Walter observed, "Petitioner has not challenged the legality of his custody in either the District Court, the Court of Appeals or the

6

Louisiana Supreme Court. Instead, he implies that he is exempt from the exhaustion requirement. According to petitioner, his earlier attempt to litigate the lawfulness of custody was rejected by the Lincoln Parish Clerk of Court.  However, as shown above,  petitioner is obliged to 'fairly present' his Constitutional claims to the State courts and in order to do so, he must present his claims in the state courts in a procedurally proper manner and in accordance with the rules of the State courts.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999)." [See *Tolston I* at Doc. 9]

Based on the evidence submitted by plaintiff in that suit, Judge Walter concluded that plaintiff submitted his claims to the Third Judicial District Court on the form provided for State prisoners seeking federal *habeas* relief.  Judge Walter also concluded that the Lincoln Parish Clerk of Court rejected this improper filing and instructed petitioner to re-submit his claims on the appropriate form. [*Id.*]

Plaintiff is now aware that he must exhaust State court remedies prior to seeking federal habeas corpus relief. The available evidence, however, clearly indicates that he has not yet done so and therefore, his amended complaint seeking habeas corpus relief pursuant to 28 U.S.C. §2254 must be dismissed without prejudice.

### 4. Conditions of Confinement at LPDC

Plaintiff's original complaint alleged that he was the victim of excessive force and unconstitutional conditions of confinement while he was incarcerated at the LPDC in September 2009.  Plaintiff prayed that the defendants be dismissed and charged with simple battery. [Doc. 1, ¶V] Of course, that relief is not available in a civil rights action.

With regard to his request for termination, plaintiff is advised, federal courts are not

7

prison managers. Ordinarily courts accord great deference to the internal administrative decisions of prison officials. *Royal v. Clark*, 447 F.2d 501 (5th Cir. 1971); *Krist v. Smith*, 439 F.2d 146 (5th Cir. 1971); *Haggerty v. Wainwright*, 427 F.2d 1137 (5th Cir. 1970).  In fact, the Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." *Shaw v. Murphy*, 532 U.S. 223, 230 (2001); accord *Washington v. Harper*, 494 U.S. 210, 223-24 (1990); *Turner v. Safley*, 482 U.S. 78, 84-85.  (1987) It would be against the public interest to issue an injunction concerning personnel matters at the LPDC. Likewise, decisions whether to prosecute or file criminal charges against an individual lie within the prosecutor's discretion, and private citizens do not have a constitutional right to have an individual criminally prosecuted. See *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979); see also *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

Plaintiff also prayed for $1.5 million in damages.  [Doc. 1, p. 17] Therefore his excessive force and conditions of confinement claims should survive this initial review. A separate order will be prepared directing Service of Process.

### *Conclusion and Recommendation*

**IT IS RECOMMENDED** that:

(1) the complaint, insofar as it complains of conditions of confinement at the ELSMH be **DISMISSED WITHOUT PREJUDICE** because venue is improper;

(2)  plaintiff's complaint, insofar as he seeks release from custody at ELSMH be construed as a *habeas corpus* petition arising under 28 U.S.C. §2254 and that it be **DISMISSED WITHOUT PREJUDICE** because plaintiff failed to exhaust available state court remedies prior

to filing suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Monroe, Louisiana, April 28, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

9