UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **ERICK TOLSTON** | * | **CIVIL ACTION NO. 09-2151** |
| **Versus** | * | **JUDGE DONALD E. WALTER** |
| **JOHNNY CREEK, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an unopposed motion for summary judgment filed by defendants, Warden Thompson, Officer Ray, Johnny Creed, and Randy Williams ("defendants"). For reasons stated below, it is recommended that the motion be **GRANTED**.

BACKGROUND

*Pro se* plaintiff Erick Tolston, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 16, 2009. Doc. # 1. Plaintiff is currently confined at the East Louisiana State Mental Hospital ("ELSMH") in Jackson, Louisiana. However, plaintiff's original complaint complained of incidents that occurred while plaintiff was incarcerated at the Lincoln Parish Detention Center ("LPDC") in Ruston, Louisiana.

Plaintiff was found not guilty by reason of insanity of various charges in 1998. Doc. # 1, p. 6. On June 30, 2009, Judge Cynthia Woodard of Louisiana's Fourth Judicial District Court ordered him committed to the Central Louisiana State Hospital. *Id.* Nevertheless, plaintiff was incarcerated at the LPDC sometime prior to September 26, 2009. On that date, he claims he was beaten by "Creek", Smith, Thomas, Keke and Williams and placed in Holding Cell 1. Doc. # 1,

1

¶ IV. Officers Gray and Ray refused to feed him and, using a derogatory word, told him to "suffer." *Id.* On the following day, Williams, Thomas, and Smith "maced" him, slapped him, and then spit in his face. *Id.* On October 1, Smith, Thomas, and Williams chained plaintiff to his bed; Allen then spit in his face and used an offensive racial epithet. *Id.* In his original complaint, plaintiff prayed that these defendants be "relieved of their duties" and then charged with simple battery. *Id.* at ¶ V. He also prayed for damages. *Id.*

Sometime thereafter, plaintiff was committed to the forensic unit of the ELSMH. According to an attachment plaintiff provided to his complaint, on either December 4 or December 8, 2009, plaintiff was assaulted by another inmate, Antiona Christian. Doc. # 1, p. 8. According to plaintiff, Officer Hamilton observed the attack and did nothing to prevent Christian from assaulting the plaintiff. *Id.* The attachment to plaintiff's complaint named Antiona Christian as well as Officers Hamilton, Dirk, Joseph, and Mitchell as defendants. *Id.* Plaintiff insists that he was wrongfully committed to ELSMH and demands compensatory damages, termination of employment for the ELSMH defendants, and the criminal prosecution of his assailant. *Id.* at p. 11.

On March 24, 2010, the undersigned completed an initial review and directed plaintiff to amend his complaint. Doc. # 8. On April 20, 2010, plaintiff responded; however his response did not address any of the concerns raised in the memorandum order, and instead contested his continued custody at ELSMH. Doc. # 9.

On April 28, 2010, the undersigned recommended that plaintiff's claims regarding his confinement conditions at the ELSMH be dismissed without prejudice on grounds of improper venue. Doc. # 10. The undersigned further recommended that, insofar as plaintiff's demand seeking immediate release from custody at ELSMH akin to a *habeas corpus* petition arising

under 28 U.S.C. Section 2254, be dismissed without prejudice as plaintiff failed to exhaust available state court remedies prior to filing suit. *Id.* Finally, the undersigned determined that plaintiff's claims of conditions and circumstances at the LPDC survived initial review. District Judge Donald E. Walter adopted the undersigned's recommendations in a ruling dated May 27, 2010. Doc. # 19.

In the present motion, defendants move for summary judgment on the basis that plaintiff failed to exhaust administrative remedies prior to filing the instant suit. Doc. # 28-1.

## LAW AND ANALYSIS

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(b). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-

movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

In this case, because he neglected to file a response to defendants' motion, the plaintiff has failed to submit evidence of any facts contradictory to those submitted by the moving party. In the absence of an opposition to the motion, this Court must accept the evidence presented by the defendants and their statement of undisputed facts as true. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Thus, for purposes of this motion, those facts are deemed admitted.

I. **Exhaustion Principles**

In support of their motion for summary judgment, defendants contend that plaintiff failed to exhaust available administrative remedies.[1] The Fifth Circuit recently addressed the procedure that courts should employ in this context:

---

[1] Defendants preserved the exhaustion defense in their answer. *See* Doc. # 23, ¶ 3.

> [w]hen the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary. Then, if the judge determines that the plaintiff has exhausted administrative remedies or that his or her failure to exhaust should be excused, the case may proceed to the merits.

*Dillon v. Rogers*, 596 F.3d 260, 270-273 (5th Cir. 2010). (footnote omitted).

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 2382-83 (2006) (citations omitted). All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002). "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 Fed. Appx. 933, 934 (5th Cir. Aug. 20, 2009) (unpubl.) (citing *Woodford v. Ngo*, 548 U.S. at 89-93, 126 S.Ct. 2378)). An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id*. Furthermore, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter, supra* (citation omitted). Exhaustion also applies to claims brought against defendants in their official and/or individual capacities. *See e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76 Fed. Appx. 564 (5th Cir. Sept. 29, 2003) (unpubl.).

Under Louisiana law, the Department of Public Safety and Corrections and each sheriff is authorized to adopt an administrative remedy procedure at each of their institutions. La. R.S. 15:1171. The administrative remedy procedure is intended to resolve complaints and grievances that arise while the offender is in the custody of, or under the supervision of the department or sheriff. *Id*. The procedure encompasses complaints and grievances for monetary, injunctive, declaratory, or other relief stemming *inter alia* from conditions of confinement, personal injuries, and medical malpractice. *Id*. These administrative procedures, when promulgated, provide the offender's exclusive remedy – to the extent that federal law permits. *Id*. Finally, "status as an 'offender' is determined as of the time the basis for a complaint or grievance arises. Subsequent events, including post-trial judicial action or release from custody, shall not affect status as an 'offender' . . ." La. R.S. 15:1171(D).

At a deposition held on November 17, 2010, plaintiff testified that he was "familiar with grievance procedures in a prison." Dep. of Erick Tolston, Ex. "2" to Pls.'s Mot. for Summ. J., Nov. 17, 2010 (Doc. # 28-4 at 18:8-11). Plaintiff testified that the corrections facility had "forms available," and an inmate was to write down on the form the particular problem the inmate was having, and turn the paper in to corrections personnel. *Id.* at 19:11-24. Plaintiff further testified that he understood that, some days after an inmate turned in his grievance form, someone from the correctional facility would respond to the inmate, in writing, on the same sheet of paper. *Id.* at 20:6-13.

Plaintiff also testified that he had filed grievances while at LPDC. *Id.* at 20:25-26:1. Specifically, plaintiff testified that he filed a grievance concerning an Officer Livingston's "macing" of plaintiff, an event that is not complained of in the instant lawsuit. *Id.* at 22:11-23:9. According to plaintiff, this grievance was "torn up" in front of him. *Id.* at 24:19-20. Plaintiff

also related that he filled out a separate grievance form concerning an officer harassing plaintiff, also an event that is not the subject of the instant suit. *Id.* at 23:12-23. Plaintiff gave this grievance form to "Officer Keke." *Id.* Finally, plaintiff recalled giving a third grievance form to Lieutenant Randy Williams concerning correctional employees "opening [plaintiff's] legal mail." *Id.* at 24:2-7. Again, this third grievance concerned events that are not the subject of the instant suit. *Id.* at 24:8-9. In total, plaintiff filed three grievances while at LPDC, all concerning events that occurred prior to the events plaintiff complains of in the instant suit. *Id.* at 26:9-20.

      However, by his own admission plaintiff did not file any grievance form after the incidents complained of in the instant suit. *Id.* at 25:23-26:1. During his deposition, plaintiff contended that he "didn't file a grievance on the matter because there was nothing happened -- nothing happened when I filed three grievances." *Id.* at 27:1-4. However, regardless of what transpired concerning plaintiff's previous grievance forms, he was still required to exhaust the remedies available at LPDC. If there were impediments to plaintiff filing a grievance form, he had the ability to file such a form later, when he was transferred to Jackson Parish Detention Center; however, he chose not to do so.

      Plaintiff has filed no opposition to the instant motion to refute defendants' failure to exhaust claim. The failure of a party to oppose a motion for summary judgment alone does not justify the granting of summary judgment; instead, the court must assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law. *Vermont Teddy Bear Company, Inc. v. 1-800 Beargram Company*, 373 F.3d 241 (2nd Cir. 2004). Here, as plaintiff himself admitted that he did not comply with the administrative procedure concerning the events he now complains of, defendants have met their burden of demonstrating that there are no genuine issues of material

fact concerning whether plaintiff complied with the grievance policy procedure while at LPDC. Accordingly, the undersigned finds that plaintiff failed to exhaust his administrative remedies procedures available to him both at the LPDC and Jackson Parish Detention Center concerning the events leading to this lawsuit.

## CONCLUSION

For the above assigned reasons,

**IT IS RECOMMENDED** that defendants' motion for summary judgment (Doc. #28) be **GRANTED** and plaintiff Erick Tolston's claims against Warden Thompson, Officer Ray, Johnny Creed, and Randy Williams be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

In addition, and for the same reasons as are set out above, it is recommended that plaintiff's claims against remaining defendants Warden Smith, S. Allen, Officer Gary, and Officer Keke also be dismissed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 8th day of February, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE